IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM HANNAH, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HUNTINGTON BANCSHARES INCORPORATED, d/b/a THE HUNTINGTON NATIONAL BANK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:18-cv-7564<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, William Hannah, individually and on behalf of all others similarly situated, by and through his undersigned counsel, as and for his Class and Collective Action Complaint against Defendant, Huntington Bancshares Incorporated, d/b/a Huntington National Bank ("Defendants") alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq.* (hereinafter the "IMWL") to recover unpaid earned overtime compensation and for other relief. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) and his IMWL claims as an Illinois state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. This Court has supplemental jurisdiction over' Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff William Hannah ("Hannah") is a resident of Cook County, Illinois. Hannah was employed by Defendant as a loan officer in Illinois from on or about May, 2017 to October 2, 2018. At all relevant times, Hannah was an "employee" as defined by the FLSA, 29 U.S.C. § 203, and the IMWL, 820 ILCS 105/3(d). Pursuant to 29 U.S.C. §216(b) of the FLSA, Hannah's written consent to become a party plaintiff is attached hereto as Exhibit "A."

6. Defendant Huntington Bancshares Incorporated, d/b/a Huntington National Bank ("Huntington") is a Maryland limited liability company with locations in various regions throughout the United States including offices located in Illinois, Ohio, Indiana, Wisconsin, Michigan, Kentucky, West Virginia, and Pennsylvania. Huntington is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

## FACTS

7. At all relevant times, Defendant has employed loan officers throughout the United States including, in Illinois, Ohio, Indiana, Wisconsin, Michigan, Kentucky, West Virginia, and Pennsylvania.

8. At all relevant times to this action, Plaintiff was employed as a loan officer for the benefit and at the direction of Defendant.

2

9. At all relevant times, Defendant classified its loan officers, including Plaintiff, as non-exempt from the overtime requirements of the FLSA and state law.

10. At all relevant times, Plaintiff's primary job duties were to sell and process home loans for Defendant.

11. During his employment, Plaintiff worked five to six days a week.

12. During his employment, Plaintiff regularly worked between ten to twelve hours a day.

13. During his employment, Plaintiff regularly worked in excess of 40 hours in given workweeks.

14. During his employment, Plaintiff was paid on an hourly basis, plus commission.

15. Defendant failed to make or maintain true and accurate records of all the time worked by Plaintiff.

16. Defendant instructed Plaintiff not to record more than 40 hours in any given workweek, notwithstanding its knowledge that Plaintiff routinely worked in excess of 40 hours in given workweeks.

17. When Plaintiff attempted to accurately record his hours worked in excess of 40 hours in any given workweek, Defendant altered Plaintiff's time sheets to falsely make it appear that he worked no more than 40 hours in any given workweek.

18. Defendant did not pay Plaintiff time-and-a-half his regular rate of pay for time worked in excess of 40 hours in given workweeks.

19. Defendant did not pay Plaintiff at all for time worked in excess of 40 hours in given workweeks.

20. Other loan officers who have worked and still work for Defendant are subject to the same policies and practices as Plaintiff to deprive them of overtime wages.

21. Defendant managed Plaintiff's employment, including the amount of overtime worked. Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies and practices.

22. Defendant's failure to pay Plaintiff all overtime earned was without good faith, willful, and with reckless disregard for Plaintiff's and other loan officers' rights; and Plaintiff and other loan officers have been damaged by such failures.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following collective:

> All loan officers who worked for Defendant at any time from three (3) years prior to the filing of this action to the entry of judgment who have not been paid overtime for all time worked in excess of 40 in any given workweek (hereinafter "FLSA Collective").

24. Plaintiff and other members of the FLSA Collective are similarly situated inasmuch as, *inter alia*, Defendant required them to work in excess of 40 hours in given workweeks without paying them overtime compensation.

25. The similarly situated putative plaintiffs are known to Defendant, are readily identifiable, and may be located through Defendant's records. They may be readily notified of this action, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime wages.

26. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the proposed class.

## ILLINOIS CLASS ALLEGATIONS

27. Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself individually and all other similarly situated individuals pursuant to the IMWL, 820 ILCS 105/1, *et seq.* to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

28. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over 40 per week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of 2% per month compounding interest on the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

29. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

   a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

   b. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

   d. Each representative plaintiff will fairly and adequately protect the interests of the class; and

   e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**<u>Class Definition</u>**

30. Plaintiff seeks certification of a class consisting of the following individuals:

5

All loan officers who worked for Defendant in Illinois at any time from three (3) years prior to the filing of this Action to the entry of judgment who have not been paid overtime for all time worked in excess of 40 in any given workweek (hereinafter the "Illinois Class").

### **Numerosity**

31. Upon information and belief, dozens, if not hundreds of Illinois loan officers were employed by Defendant who were subject to the same practices challenged in this action as alleged above and not paid overtime compensation for all time worked in excess of 40 in given workweeks. Accordingly, Plaintiff satisfies the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

32. Members of the proposed class can be identified and located using the Defendant's payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

### **Commonality**

33. There are questions of fact and law common to each class member and each of the respective classes which predominate over questions affecting only individual members, if any. Plaintiff, the members of the Illinois Class, and Defendant have a commonality of interest in the subject matter and the remedy sought. The questions of fact and law common to each class member and each of the respective classes arising from Defendant's actions include, but are not limited to, the following:

   (a) Whether Defendant encouraged, suffered, or permitted Plaintiffs to work before and/or after their scheduled shifts without pay;

   (b) Whether Defendant failed to compensate class members for all the work they encouraged, suffered, or permitted class members to perform;

   (c) Whether Defendant failed to keep true and accurate time records for all hours worked by the class members;

(d) Whether Defendant's failure to pay overtime was willful, repeated, or with reckless disregard of the IMWL; and

(e) Whether Plaintiffs suffered damages and the proper measure of those damages.

34. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Court, the Illinois Class and to the Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

## **Typicality**

35. Plaintiff's claims are typical of the claims of the class members he seeks to represent. As a result of Defendant's unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the class he seeks to represent.

36. Upon information and belief, there are no other Illinois class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

## **Adequacy**

37. Plaintiff is an adequate representative of the class he seeks to represent because he is a member of the class, and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are

experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Predominance / Superiority

38. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members.

39. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

40. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each class member to bring individual claims.

41. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, et seq.
### Failure to Pay Overtime Wages

42. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

43. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

44. Defendant is and was subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce

45. Plaintiff and the FLSA Collective are individuals engaged in commerce because they regularly communicated with potential borrowers in several states throughout the United States by telephone and email transmissions.

46. Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2015 to the present has not been less than $500,000.00 each year.

47. At all relevant times, Plaintiff and members of the FLSA Collective have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

48. Section 207(a)(1) of the FLSA states that an employer must pay its employees overtime equal to at least one- and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 in any given workweek.

49. By engaging in the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff and members of the FLSA Collective overtime compensation as required by the FLSA.

50. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to Plaintiff or the similarly situated employees because they have not met the requirements for coverage under the exemptions.

51. Plaintiff and members of the FLSA Collective are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime wages.

52. Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown reckless disregard for the matter of whether its conduct violated the FLSA. Defendant has not acted in good faith with respect to the conduct alleged herein.

53. As a result of Defendant's violations of the FLSA, Plaintiff and the members of the FLSA Collective have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF ILLINOIS MINIMUM WAGE LAW
## 820 ILCS § 105, *et seq.*
## <u>Failure to Pay Overtime Wages</u>

54. Plaintiff and the Illinois class incorporate by reference all preceding paragraphs.

55. Defendant is an "employer" and Plaintiff and the Illinois Class "employees" under the IMWL, 820 ILCS § 105 *et seq.*

56. The IMWL, 820 ILCS § 105, *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys'

fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

57. Defendant violated the IMWL, 820 ILCS § 105 *et seq.*, by regularly and repeatedly failing to properly pay minimum wages to Plaintiff and the Illinois Class.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Illinois Class have suffered and will continue to suffer lost wages and other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendant in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Order the Defendant to file with this Court and furnish to counsel a list of all names and addresses of all loan officers who currently work for or who have worked for Defendant within the last three years;

B. Authorize Plaintiff's counsel to issue a notice at the earliest possible time to all current and former loan officers employed by the Defendant during the three years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of 40 hours in a week during the liability period, for which they were not paid the required overtime in accordance with the FLSA and IMWL;

C. Certify this case as a Rule 23 class action under the state law of Illinois;

D. Declare and find that the Defendant committed one or more of the following acts:

    1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated employees who opt into this action;

    2. Willfully violated the overtime provisions of the FLSA; and

       3.       Violated the IMWL by failing to pay overtime wages to Plaintiff and the Illinois Class.

E.       Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

F.       Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

G.       Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

H.       Award all reasonable attorney's fees and costs incurred;

I.       Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

J.       Provide such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: November 14, 2018                Respectfully Submitted,

                                                                 */s/ James B. Zouras*
                                                                James B. Zouras
                                                                Ryan F. Stephan
                                                               Stephan Zouras, LLP
                                                               100 N. Riverside Plaza, Suite 2150
                                                              Chicago, Illinois 60606
                                                              312-233-1550
                                                              312-233-1560 f
                                                              jzouras@stephanzouras.com
                                                              rstephan@stephanzouras.com

                                                              **ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS AND COLLECTIVE CLASS**

## CERTIFICATE OF SERVICE

    I, the attorney, hereby certify that on November 14, 2018, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                        */s/ James B. Zouras*